Dominic S. Rinaldi, J.
This defendant was convicted in the County Court of Kings County of the crime of coercion, a misdemeanor, and upon such conviction, was sentenced on September 9, 1960 by a Judge of the County Court to be imprisoned in the New York City Penitentiary. After this imprisonment had commenced, the defendant on November 7, 1960 obtained his release on bail on a certificate of reasonable doubt. While on bail he was charged with other crimes in New York County. He was tried, convicted, sentenced and imprisoned on December 21, 1961 on these New York County charges, receiving á State prison sentence totalling 7 years 6 months to. 14 years 6 months and ultimately being incarcerated at Attica State Prison. During this proceeding in New York County he continued to be on bail with respect to the coercion conviction on which he had received the Kings County Court sentence. The Appellate Division subsequently affirmed the conviction had in the Kings County Court (14 A D 2d 556), a further appeal was taken to the Court of Appeals, and the Court of Appeals likewise affirmed the Kings County conviction (10 N Y 2d 1024). During all the time subsequent to the New York County sentence the defendant remained in State prison, until he was produced on February 14, 1962 in Kings County on a writ of habeas corpus ad testificandum,
*1057 On January 24, 1962 an order of remittitur was made, by which the County Court of Kings County adopted as its judgment the judgment entered by the Court of Appeals. Shortly thereafter, the County Judge before whom the Kings County conviction was obtained signed a writ of habeas corpus ad testificandum by which the Warden of Attica State Prison was directed to produce the movant herein before the court “ for the purpose of having him dealt with according to law.” The writ further provided that when its purpose was fulfilled, the prisoner “ shall be remanded in accordance with the law.” The minutes of the proceeding held on February 14, 1962 show that the Attorney-General was represented, as well as the District Attorney of Kings County. The learned Judge indicated his intention to interrupt the State prison sentence which the defendant was then serving and to return the defendant to the New York City Penitentiary to resume that sentence, which had been interrupted by his release on bail on a certificate of reasonable doubt. The Attorney-General, by his assistant, made strenuous objections to this proposal. The court nevertheless ordered that the defendant be returned to the New York City Penitentiary, in violation of the stated purpose of the writ.
Thereafter an article 78 application was made by the Attorney-General in behalf of the Commissioner of Correction of the State of New York, to the Appellate Division, naming as respondents the New York City Commissioner of Correction, the Warden of the New York City Correctional Institution (New York City Penitentiary), the District Attorney of Kings County, the Judge before whom the proceeding of February 14, 1962 was had, and the movant herein. The Appellate Division determined that the action taken on February 14 was improper, and ordered that the movant herein be returned to Attica State Prison in the custody of the State Department of Correction to resume service of the State sentence (Matter of McGinnis v. Kross, 15 A D 2d 950).
The present application is for the vacatur of the warrant lodged at the State prison with respect to the petitioner herein, which acts as a detainer with respect to the penitentiary sentence. Under the circumstances of this application, I am constrained to grant the relief sought. I am of the opinion that the production of Gallo before the County Court on February 14, 1962 on the writ of habeas corpus had no purpose in law. Sentence had already been imposed and had actually commenced. Since Gallo’s release on bail pending appeal had been as a result of his own application for a certificate of reasonable *1058 doubt, he could not be heard to complain of an interruption of sentence. All that remained after affirmance was the execution of the sentence previously imposed, and as the defendant was then imprisoned under another sentence, no prejudice to the defendant or to the People would accrue by the continued service of the State prison sentence.
If the sequence of events had stopped at the point where the County Court entered its order on remittitur, the instant problem would not be before this court. It would appear that all that was necessary at that time was to effectuate the punishment previously ordered, and the order on remittitur would serve as a predicate for a detainer at the State prison, where the petitioner was then confined. This, however, was not done.
The petitioner’s position now is that he can no longer be subjected to penitentiary imprisonment, and he relies upon the language of former Penal Law section 2188 and section 470-a of the Code of Criminal Procedure (as it existed prior to September 1, 1967). A new section 470-a of the Code of Criminal Procedure has been enacted by chapter 681 of the Laws of 1967, which is not relevant to the instant proceeding. Both of the applicable statutes, insofar as they are relevant, are in the following words: ‘ Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced. ’ ’
Based upon the statutes and People ex rel. Rainone v. Murphy (1 N Y 2d 367), I agree, and hold that a court or Judge is expressly prohibited, in haec verba, from interrupting a prison sentence after imprisonment shall have commenced. The court has reviewed decisions subsequent to People ex rel. Rainone v. Murphy and finds nothing that would change this view of the law.
The original penitentiary sentence was valid at the time it was imposed. There was no reason to bring the petitioner back for correction of sentence. The conviction was regularly obtained. It is well settled that a sentence imposed must be served until the judgment is satisfied. It is likewise settled that where an original sentence is legal, a resentence is illegal. The act here of release on a certificate of reasonable doubt was the defendant’s act. The act of interrupting service of the State prison sentence and returning defendant to the penitentiary was not the defendant’s act. In Rainone, the Court of Appeals, by unanimous decision, said that the statutory language expressly prohibits a court or Judge from interrupting a prison sentence after imprisonment shall have commenced.
*1059 Petitioner’s counsel has advanced, inter alia, the language of section 70.15 of the new Penal Law as a basis for the relief now requested. This section provides for a definite maximum sentence of one year for a Class A misdemeanor. While holding for the petitioner, I nevertheless note that the new Penal Law (§ 5.05) in clear terms is applicable solely to offenses committed on and after its effective date of September 1, 1967. The court bases its decision upon the law in effect at the time of the various incidents referred to.
In view of the foregoing, I hold that the penitentiary sentence continued to be served while the defendant was in State prison subsequent to March 26, 1962, at which time his penitentiary reimprisonment was interrupted by transfer to State prison in accordance with the order of the Appellate Division. Since the maximum permissible period of imprisonment on the penitentiary sentence has expired, he can no longer be subject to the warrant lodged against him. Accordingly, the warrant is vacated.